## C. C. Devine v. State

No. 25487. December 19, 1951.

Hon. Frank Williford, Jr., Judge Presiding.

Ted Musick, Bell, Dyche and Bell, by Spurgeon E. Bell, all of Houston, for appellant.

Sam W. Davis, Criminal District Attorney, King C. Haynie, Assistant Criminal District Attorney, both of Houston, and George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for accepting a bribe while serving in his official capacity as a police officer of the city of Houston. The sentence was five years in the penitentiary.

The prosecuting witness Clarice Gears operated a dine, dance and drinking place in the city of Houston. Her business seems to have been chiefly at nighttime, with a hangover desire to extend the hours fixed by Houston's curfew law. Testifying in behalf of the state, the prosecuting witness detailed conversations between her and the accused leading up to the time the bribe of $100.00 is alleged to have been given, which was June 28th, 1950.

Defendant did not testify in his own behalf but evidence produced by him from the stand was quite in conflict with the story told by prosecutrix. As far as our consideration of the case is concerned this is immaterial. We have but one question before us and that is whether or not the evidence of Clarice Gears was corroborated sufficiently to support the conviction. She is an accomplice.

Article 718, Vernon's Ann. C.C.P., reads as follows: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In addition to the testimony of Clarice Gears, the state introduced that of Pearlie Mae Preston, a cook in the place, and a woman by the name of Henry who seems to have been a part-time employee, as bookkeeper or secretary to the proprietress. Clarice Gears' testimony was to the effect that following her understanding with appellant, and their misunderstandings which involved them in quarrels, she agreed to have $100.00 for him which he was to come to her place to receive. She asked Pearlie Mae Preston to bring a hundred dollar bill to lend to her, but there is no evidence that she informed Pearlie Mae of the purpose which she had in borrowing it. She then said that appellant came into the place of business. As she saw him approaching, she placed two cups of coffee on a table in a dining booth, one for appellant and one for herself, and then sat down with the hundred dollar bill folded in the palm of her right hand. After some motions as if to pick up a match on the table appellant put his right hand under hers and the money was

dropped into it. They then left the booth, went about the place and appellant got in his car and left soon thereafter. He first made or attempted to make a call over her telephone.

This scene is the only portion of her story which the state attempts to corroborate. On the subject, Pearlie Mae Preston said: "I came out of the kitchen about half-way to the cash register, about middle-ways, and I watched to see what she was going to do with that one hundred dollar bill I gave her. I didn't see what she did with it but I saw her put her hand across the table that way (witness indicates with her hand) and then she brought it back. The police officer's hand was that way across the table (witness again indicates with her hand). Mrs. Gears' hand and the officer's hand met across the top of the table, and I didn't see anything so I went back in the kitchen."

On cross-examination she said: "I said I didn't get a very good look at the face of the officer sitting in the booth with Mrs. Gears. In other words, I wouldn't be sure who it was. I wouldn't be sure it was this defendant, C. C. Devine."

She testified further: "The officer that came out there that night and sat in the booth with Mrs. Gears was dressed in a uniform. I did not see him drive up in an automobile."

The Henry woman identified appellant as being at the place of business in June, sometime after midnight on the 28th or 29th of June, 1950. She saw the prosecuting witness and appellant seated in the booth in the dining room. She testified: "Mrs. Gears was seated in the booth facing the cash register at the front counter and the defendant was seated with his back to the cash register facing toward the office and he had his hands on the table and so did Mrs. Gears. That was before I saw them in the office, and before they got up and went back in the clubroom."

The court instructed the jury that Pearlie Mae Preston and Clarice Gears were accomplice witnesses and that appellant could not be convicted on their testimony unless it was supported by other evidence. We are unable to find from the record any evidence of the conduct on the part of Pearlie Mae Preston which would constitute her an accomplice. If the trial court was mistaken in his conception of the facts, his charge was beneficial to appellant and cannot be relied upon as a ground for reversal.

The above gives a complete resume of all of the evidence which the state attempted to use to support the story of the prosecuting witness as to the commission of the offense of bribery. There is not one word of testimony to corroborate any part of the story of the prosecuting witness other than that she sat down at the table with appellant and that their hands were on top of the table, that they got up and looked at some of the new equipment and then appellant left the building. This would not create the least suspicion in the absence of her uncorroborated story. It does not so much as show, or tend to show, that an offense was committed.

For the failure of the state to corroborate the story of the prosecuting witness, who is a party to the crime which she detailed, the evidence is insufficient to support the conviction under the statute.

The judgment of the trial court is reversed and the cause is remanded.